**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **TEXAS IP RESEARCH, LLC,**<br>        *Relator*,<br>                         **v.**<br><br>**(1) KLIPSCH GROUP, INC. d/b/a KLIPSCH AUDIO TECHNOLOGIES,**<br>**(2) KVH INDUSTRIES, INC.,**<br>**(3) MATROX ELECTRONICS SYSTEMS LTD.,**<br>**(4) MATROX INTERNATIONAL CORP.,**<br>**(5) MICRO-STAR INTERNATIONAL CO., LTD.,**<br>**(6) MSI COMPUTER CORP.,**<br>**(7) CLARION CO., LTD.,**<br>**(8) CLARION CORPORATION OF AMERICA,**<br>**(9) D&M HOLDINGS, INC., and**<br>**(10) DENON ELECTRONICS (USA), LLC,**<br>        *Defendants*. | Civil Action No. 5:11-cv-51<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR FALSE PATENT MARKING**

Relator Texas IP Research, LLC ("Relator") makes the following allegations against Klipsch Group, Inc. d/b/a Klipsch Audio Technologies ("Klipsch"), KVH Industries, Inc. ("KVH"), Matrox Electronics Systems Ltd. ("Matrox Ltd."), Matrox International Corp. ("Matrox International"), Micro-Star International Co., Ltd. ("Micro-Star"), MSI Computer Corp. ("MSI"), Clarion Co., Ltd. ("Clarion Ltd."), Clarion Corporation of America ("Clarion America"), D&M Holdings, Inc. ("D&M"), and Denon Electronics (USA), LLC ("Denon") (collectively, "Defendants"):

**NATURE OF THE ACTION**

1.   This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

## PARTIES

2.   Relator is a Texas limited liability company having a principal place of business at 14 Ashlee Blvd., Nash, TX 75503.  Relator has appointed Thomas R. Carroll, Jr., 14 Ashlee Blvd., Nash, TX 75569, as its agent for service of process.

3.   On information and belief, defendant Klipsch is an Indiana corporation with its principal places of business at 3502 Woodview Trace, Suite 200, Indianapolis, IN 46268. Klipsch has appointed Michael F. Klipsch, 3502 Woodview Trace, Suite 200, Indianapolis, IN 46268, as its agent for service of process.

4.   On information and belief, defendant KVH is a Delaware corporation having its principal place of business at 50 Enterprise Center, Middletown, RI 02842. On information and belief, KVH has appointed The Corporation Trust Center, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

5.   On information and belief, defendant Matrox Ltd. is a Canadian corporation having its principal place of business at 1055 Saint Regis Blvd., Dorval, Quebec, Canada, H9P 2T4. Matrox Ltd. may be served at 1055 Saint Regis Blvd., Dorval, Quebec, Canada, H9P 2T4, via an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service.

6.   On information and belief, defendant Matrox International is a subsidiary of Matrox Ltd., and is a New York corporation having its principal place of business at 625 State Route 3, Unit B, Plattsburgh, NY 12901. Matrox International may be served by mail through the New York Secretary of State.

7.   On information and belief, defendant Micro-Star is a Taiwanese corporation having its principal place of business at No. 69, Li De St., Jung-He City, Taipei, Taiwan.

Micro-Star may be served at No. 69, Li De St., Jung-He City, Taipei, Taiwan, via an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service.

8.   On information and belief, defendant MSI is a subsidiary of Micro-Star, and is a California corporation having its principal place of business at 901 Canada Ct., City of Industry, CA 91748.  MSI has appointed Connie Yu Chuan Wang, 901 Canada Ct., City of Industry, CA 91748, as its agent for service of process.

9.   On information and belief, defendant Clarion Ltd. is a Japanese corporation having its principal place of business at 7-2 Shintoshin, Chuo-ku, Saitama-shi, Saitama, 330-0081, Japan.  Clarion Ltd. may be served at 7-2 Shintoshin, Chuo-ku, Saitama-shi, Saitama, 330-0081, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service.

10. On information and belief, defendant Clarion America is a subsidiary of Clarion Ltd., and is a California corporation having its principal place of business at 6200 Gateway Drive, Cypress, CA 90630.  Clarion America has appointed Joseph Muto, 6200 Gateway Drive, Cypress, CA 90630, as its agent for service of process.

11. On information and belief, D&M is a Japanese corporation with its principal place of business located at 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan. On information and belief, D&M may be served at 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

12. On information and belief, Denon is a subsidiary of D&M and is Delaware limited liability company with its principal place of business at 100 Corporate Dr. Mahwah, NJ 07430-2041. Denon has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

15. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendants have and/or continue (and/or have and continue to cause others) to transact business in this District, and have and/or continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendants have and/or continue (and/or have and continue to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

**FACTS**

16. Defendants have and/or continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,577,216 ("the '216 Patent"), 4,631,603 ("the '603 Patent"), 4,819,098 ("the '098 Patent"), and/or 4,907,093 ("the '093 Patent"), true and correct copies of which are attached as Exhibits A-D, respectively, in connection with Defendants' products and/or related product packaging and advertisements, including, by way of example only, Klipsch's CS-500 System, KVH's TracVision® Antenna System, Matrox Ltd. and Matrox International's ATC RG Series, Micro-Star and MSI's Wind Top AE1900 All-in-One (AIO) PC MS-6638 (V1.X) System and Wind Top AE 2020 All-in-One (AIO) PC MS-AA1511 (V1.X) System, Clarion Ltd. and Clarion America's VRX575USB Radio/DVD Multimedia Center, and D&M and Denon's DVD-3800-BDCI Blue-Ray-Disc / DVD Video Player, DVD-1940CI DVD Audio-Video / Super Audio CD Player, DVD-1740 DVD Video Player, DVM-1845 DVD Video Auto Changer, DVM-745 DVD Video Auto Changer, and DVD-558 DVD Video Player products,  as illustrated in Exhibits E-P.

17. The '216 Patent (Exhibit A), which is titled "Method and Apparatus for Modifying the Color Burst to Prohibit Videotape Recording," was filed in the United States on November 14, 1983 and issued on March 18, 1986.

18. The '216 Patent expired, at the very latest, on November 14, 2003.

19. When the '216 Patent expired, all future rights in that patent ceased to exist.

20. The '603 Patent (Exhibit B), which is titled "Method and Apparatus for Processing a Video Signal so as to Prohibit the Making of Acceptable Video Tape

Recordings Thereof," was filed in the United States on April 17, 1985 and issued on December 23, 1986.

21. The '603 Patent expired, at the very latest, on April 17, 2005.

22. When the '603 Patent expired, all future rights in that patent ceased to exist.

23. The '098 Patent (Exhibit C), which is titled "Method and Apparatus for Clustering Modifications Made to a Video Signal to Inhibit the Making of Acceptable Videotape Recordings," was filed in the United States on April 14, 1987 and issued on April 4, 1989.

24. The '098 Patent expired, at the very latest, on April 14, 2007.

25. When the '098 Patent expired, all future rights in that patent ceased to exist.

26. The '093 Patent (Exhibit D), which is titled "Method and Apparatus for Preventing the Copying of a Video Program," was filed in the United States on November 1, 1988 and issued on March 6, 1990.  The '093 Patent is a continuation of S/N 895,045, filed August 11, 1986.

27. The '093 Patent expired, at the very latest, on March 6, 2007.

28. When the '093 Patent expired, all future rights in that patent ceased to exist.

29. Subsequent to expiration of the '216 Patent, the '603 Patent, the '098 Patent, and the '093 Patent, Klipsch has and/or continues (and/or has and/or continues to cause others)[1] to mark upon, affix to, and/or use in advertising the '216 Patent, the '603 Patent, the '098 Patent, and the '093 Patent in combination with its CS-500 System products. *See, e.g.*, Exhibit E (containing, in part, product literature, which was available on

---

[1] *See* Exhibit E (indicating document authored by "Phil Dickerson").

Klipsch's website at or near the time of the filing of this original complaint,[2] having an electronic creation date of August 13, 2007, and marking, affixing, and/or advertising the CS-500 System products in combination with the '216 Patent, the '603 Patent, the '098 Patent, and the '093 Patent).

30. Subsequent to expiration of the '216 Patent, the '603 Patent, and the '098 Patent, KVH has and/or continues (and/or has and/or continues to cause others)[3] to mark upon, affix to, and/or use in advertising the '216 Patent, the '603 Patent, and the '098 Patent in combination with its TracVision® Antenna System products.  *See, e.g.*, Exhibit F (containing, in part, product literature, which was available on KVH's website at or near the time of the filing of this original complaint,[4] indicating document is revision B, bearing a copyright date of 2007, having an electronic creation date of April 18, 2007 at 12:20:04 PM and an electronic modification date of April 18, 2007 at 1:39:45 PM, and marking, affixing, and/or advertising the TracVision® Antenna System products in combination with the '216 Patent, the '603 Patent, and the '098 Patent).

31. Subsequent to expiration of the '216 Patent, the '603 Patent, the '098 Patent, and the '093 Patent, Matrox Ltd. and Matrox International have and/or continue (and/or have and/or continue to cause others)[5] to mark upon, affix to, and/or use in advertising the '216 Patent, the '603 Patent, the '098 Patent, and the '093 Patent in combination with their ATC RG Series products.  *See, e.g.*, Exhibit G (containing, in part, product literature, which was available on Matrox Ltd.'s website at or near the time of the filing

---

[2]  Klipsch's website, www.klipsch.com/media/products/owners-manuals/CS-500%20Manual.pdf (last visited Feb. 21, 2011).
[3]  *See* Exhibit F (indicating document authored by "KVH Industries").
[4]  KVH's website, accessed by entering the following search string into www.google.com: *KVH Tracvision 4,631,603* (last accessed Feb. 21, 2011).
[5]  *See* Exhibit G (indicating document authored by "Matrox Technical Writers (Francois Leclerc, Giovanna Patruno, Marc Mackay)").

of this original complaint,[6] having an electronic creation date of May 21, 2009 at 5:41:16 AM and an electronic modification date of May 21, 2009 at 10:38:46 AM, and marking, affixing, and/or advertising the ATC RG Series products in combination with the '216 Patent, the '603 Patent, the '098 Patent, and the '093 Patent).

32. Subsequent to expiration of the '603 Patent, the '098 Patent, and the '093 Patent, Micro-Star and MSI have and/or continue (and/or have and/or continue to cause others) to mark upon, affix to, and/or use in advertising the '603 Patent, the '098 Patent, and the '093 Patent in combination with their Wind Top AE1900 All-in-One (AIO) PC MS-6638 (V1.X) System products.  *See, e.g.*, <u>Exhibit H</u> (containing, in part, product literature, bearing a printed on date of May 2009, and marking, affixing, and/or advertising the Wind Top AE1900 All-in-One (AIO) PC MS-6638 (V1.X) System products in combination with the '603 Patent, the '098 Patent, and the '093 Patent).

33. Subsequent to expiration of the '603 Patent, the '098 Patent, and the '093 Patent, Micro-Star and MSI have and/or continue (and/or have and/or continue to cause others) to mark upon, affix to, and/or use in advertising the '603 Patent, the '098 Patent, and the '093 Patent in combination with their Wind Top AE 2020 All-in-One (AIO) PC MS-AA1511 (V1.X) System products.  *See, e.g.*, <u>Exhibit I</u> (containing, in part, product literature, bearing a printed on date of September 2009, and marking, affixing, and/or advertising the Wind Top AE 2020 All-in-One (AIO) PC MS-AA1511 (V1.X) System products in combination with the '603 Patent, the '098 Patent, and the '093 Patent).

34. Subsequent to expiration of the '603 Patent, the '098 Patent, and the '093 Patent, Clarion Ltd. and Clarion America have and/or continue (and/or have and/or continue to

---

[6] Matrox Ltd.'s website, accessed by entering the following search string into www.google.com: *Matrox ATC RG User Guide* (last accessed Feb. 21, 2011).

cause others) to mark upon, affix to, and/or use in advertising the '603 Patent, the '098 Patent, and the '093 Patent in combination with their VRX575USB Radio/DVD Multimedia Center products.  *See, e.g.*, <u>Exhibit J</u> (containing, in part, product literature, bearing a copyright date of 2007, bearing printed on dates of January 2007 and July 2007, and marking, affixing, and/or advertising the VRX575USB Radio/DVD Multimedia Center products in combination with the '603 Patent, the '098 Patent, and the '093 Patent).

35. Subsequent to expiration of the '603 Patent, the '098 Patent, and the '093 Patent, D&M and Denon have and/or continue (and/or have and/or continue to cause others) to mark upon, affix to, and/or use in advertising the '603 Patent, the '098 Patent, and the '093 Patent in combination with their DVD-3800-BDCI Blue-Ray-Disc / DVD Video Player products.  *See, e.g.*, <u>Exhibit K</u> (containing, in part, product literature, bearing copyright dates of 1996 to 2007, and marking, affixing, and/or advertising the DVD-3800-BDCI Blue-Ray-Disc / DVD Video Player products in combination with the '603 Patent, the '098 Patent, and the '093 Patent).

36. Subsequent to expiration of the '603 Patent, the '098 Patent, and the '093 Patent, D&M and Denon have and/or continue (and/or have and/or continue to cause others) to mark upon, affix to, and/or use in advertising the '603 Patent, the '098 Patent, and the '093 Patent in combination with their DVD-1940CI DVD Audio-Video / Super Audio CD Player products.  *See, e.g*., <u>Exhibit L</u> (containing, in part, product literature, bearing copyright dates of 1996 to 2007, and marking, affixing, and/or advertising the DVD-1940CI DVD Audio-Video / Super Audio CD Player products in combination with the '603 Patent, the '098 Patent, and the '093 Patent).

37. Subsequent to expiration of the '603 Patent, the '098 Patent, and the '093 Patent, D&M and Denon have and/or continue (and/or have and/or continue to cause others) to mark upon, affix to, and/or use in advertising the '603 Patent, the '098 Patent, and the '093 Patent in combination with their DVD-1740 DVD Video Player products. *See, e.g.*, Exhibit M (containing, in part, product literature, bearing copyright dates of 1996 to 2007, and marking, affixing, and/or advertising the DVD-1740 DVD Video Player products in combination with the '603 Patent, the '098 Patent, and the '093 Patent).

38. Subsequent to expiration of the '603 Patent, the '098 Patent, and the '093 Patent, D&M and Denon have and/or continue (and/or have and/or continue to cause others) to mark upon, affix to, and/or use in advertising the '603 Patent, the '098 Patent, and the '093 Patent in combination with their DVM-1845 DVD Video Auto Changer products. *See, e.g.*, Exhibit N (containing, in part, product literature, bearing copyright dates of 1996 to 2007, and marking, affixing, and/or advertising the DVM-1845 DVD Video Auto Changer products in combination with the '603 Patent, the '098 Patent, and the '093 Patent).

39. Subsequent to expiration of the '603 Patent, the '098 Patent, and the '093 Patent, D&M and Denon have and/or continue (and/or have and/or continue to cause others) to mark upon, affix to, and/or use in advertising the '603 Patent, the '098 Patent, and the '093 Patent in combination with their DVM-745 DVD Video Auto Changer products. *See, e.g*., Exhibit O (containing, in part, product literature, bearing copyright dates of 1996 to 2007, and marking, affixing, and/or advertising the DVM-745 DVD Video Auto Changer products in combination with the '603 Patent, the '098 Patent, and the '093 Patent).

40. Subsequent to expiration of the '603 Patent, the '098 Patent, and the '093 Patent, D&M and Denon have and/or continue (and/or have and/or continue to cause others) to mark upon, affix to, and/or use in advertising the '603 Patent, the '098 Patent, and the '093 Patent in combination with their DVD-558 DVD Video Player products. *See, e.g.*, Exhibit P (containing, in part, product literature, which was available on Denon's website at or near the time of filing of this original complaint,[7] having an electronic creation date of April 24, 2007 and an electronic modification date of January 11, 2008, and marking, affixing, and/or advertising the DVD-558 DVD Video Player products in combination with the '603 Patent, the '098 Patent, and the '093 Patent).

41. Defendants are large, sophisticated companies. *See, e.g.*, Klipsch's website, www.klipsch.com/na-en/about/overview/ (indicating that Klipsch distributes its products worldwide) (last visited Feb. 21, 2011); KVH's website, www.kvh.com/About-Us.aspx ("KVH Industries is a leading manufacturer of solutions that provide global high speed Internet, television and voice services via satellite to mobile users at sea, on land, and in the air.") (last visited Feb. 21, 2011); Matrox Ltd.'s website www.matrox.com/hr/en/company/ ("[T]he company employs over 900 people worldwide at its headquarters in Montreal, as well as in international offices in the United Kingdom, Ireland, Germany, and China.") (last visited Feb. 21, 2011); Micro-Star's website, www.msi.com/about/profile/ (indicating that Micro-Star has "accumulated sales in more than 120 countries -- with 150 million mainboard users and 100 million graphics card users worldwide.") (last visited Feb. 21, 2011); Clarion Ltd's website, www.clarion.com/us/en/company/profile/president1/index.html (indicating in a statement

---

[7] Denon's website, adi.denon.com/docs/DVD-558-OM-E_002.pdf (last visited February 21, 2011).

from Clarion Ltd's President that Clarion Ltd. "is a global leader in mobile electronics with over 70 years of industry expertise delivering high quality mobile electronics around the world") (last visited Feb. 21, 2011); D&M's website, www.dm-holdings.com/eng/about/ ("With manufacturing sites, distribution channels and employees in Japan, the United States, Europe and other parts of Asia, D&M . . .  has a global face and strategic international presence.") (last visited Feb. 21, 2011).

42. Defendants have, and/or routinely retain, sophisticated legal counsel.  *See, e.g.*, Klipsch's website, www.klipsch.com/na-en/news/press-releases/corporate/default.aspx?viewall=true (indicating Klipsch has acquired multiple companies, entered into strategic alliance agreements, and engaged in lawsuits against multiple parties) (last visited Feb. 21, 2011); Exhibit Q (containing a search of the Pacer Case Locator website for "KVH Industries," indicating that KVH has been party to numerous lawsuits); Exhibit R (containing a search of the U.S. Pacer Case Locator database for "Matrox," indicating that Matrox Ltd. and related companies have been party to numerous lawsuits); Exhibit S (containing a search of the U.S. Pacer Case Locator database for "Micro-Star International," indicating that Micro-Star and related companies have been party to numerous lawsuits); Exhibit T (containing a search of the U.S. Pacer Case Locator database for "Clarion Corporation of America," indicating that Clarion America has been party to numerous lawsuits); Exhibit U (containing a search of the U.S. Pacer Case Locator database for "Denon Electronics," indicating that Denon has been party to numerous lawsuits).

43. Defendants have decades of experience applying for, obtaining, licensing, and/or litigating patents. *See, e.g.*, Exhibit V (containing a search of the U.S. Patent and

Trademark Office website for "Klipsch," indicating that Klipsch and its related companies have numerous patents under their assign); Exhibit W (containing a search of the U.S. Patent and Trademark Office website for "KVH Industries, Inc.," indicating that KVH and related companies have numerous patents under their assign); Exhibit X (containing a search of the U.S. Patent and Trademark Office website for "Matrox," indicating that Matrox Ltd. and related companies have numerous patents under their assign); Exhibit Y at p. 10 (displaying a graph, indicating that Micro-Star has applied for and been granted hundreds of patents over the past 10 years); Exhibit Z (containing a search of the U.S. Patent and Trademark Office website for "Clarion Co., Ltd.," indicating that Clarion Ltd. has hundreds of patents under its assign); Exhibit AA (containing a search of the U.S. Patent and Trademark Office website for "D&M Holdings," indicating that D&M has numerous patents under its assign).

44. Defendants know, and at the very least reasonably should know, that the above patents do not cover any of the accused products, or any products whatsoever. *See, e.g.*, Exhibit V (containing a search of the U.S. Patent and Trademark Office website for "Klipsch," indicating that Klipsch and related companies have numerous patents under their assign); Exhibit W (containing a search of the U.S. Patent and Trademark Office website for "KVH Industries, Inc.," indicating that KVH and related companies have numerous patents under their assign); Exhibit X (containing a search of the U.S. Patent and Trademark Office website for "Matrox," indicating that Matrox Ltd. and related companies have numerous patents under their assign); *PACid Group, LLC v. Asustek Comp. Inc.,* Case No. 6:10-cv-00108 (E.D. Tex March 26, 2010) (displaying Micro-Star and MSI's sophisticated knowledge regarding patent validity and coverage through their

defense of a patent infringement suit); *Ambato Media, LLC v. Clarion Co., Ltd.*, Case No. 2:09-cv-00242 (E.D. Tex Aug. 14, 2009) (displaying Clarion Ltd. and Clarion America's sophisticated knowledge regarding patent validity and coverage through their defense of a patent infringement suit); *Voxpath RS, LLC v. Denon Elecs. (USA), LLC*, Case No. 2:09-cv-00364 (E.D. Tex Nov. 19, 2009) (displaying D&M and Denon's sophisticated knowledge regarding patent validity and coverage through their defense of a patent infringement suit).

45. As a result of its false marking, Defendants have injured the United States Government, including its sovereign interest, and Defendants' existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement.

## CLAIMS

46. Relator incorporates paragraphs 1–45, as if fully set forth herein.

47. Klipsch has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including, without limitation, its Klipsch's CS-500 System products, with intent to deceive the public.

48. KVH has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including, without limitation, its TracVision® Antenna System products, with intent to deceive the public.

49. Matrox Ltd. and Matrox International have violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising their products, including, without limitation, their ATC RG Series products, with intent to deceive the public.

50. Micro-Star and MSI's Wind Top AE1900 All-in-One (AIO) PC MS-6638 (V1.X) System and Wind Top AE 2020 All-in-One (AIO) PC MS-AA1511 (V1.X) System products, with intent to deceive the public.

51. Clarion Ltd. and Clarion America have violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising their products, including, without limitation, their VRX575USB Radio/DVD Multimedia Center products, with intent to deceive the public.

52. D&M and Denon have violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising their products, including, without limitation, their DVD-3800-BDCI Blue-Ray-Disc / DVD Video Player, DVD-1940CI DVD Audio-Video / Super Audio CD Player, DVD-1740 DVD Video Player, DVM-1845 DVD Video Auto Changer, DVM-745 DVD Video Auto Changer, and DVD-558 DVD Video Player products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a).    A judgment in favor of Relator that Defendants have falsely marked items in violation of 35 U.S.C. § 292;

(b).    A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c).    An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d).    An award of pre-judgment and post-judgment interests on any monetary award;

(e).    An injunction prohibiting Defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).    Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 22, 2011

Respectfully submitted,
By: /s/ Hao Ni
Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2631
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com
**Attorneys for Relator**
**TEXAS IP RESEARCH, LLC**